Nash, C. J.
 

 His Honor below very properly overruled the objection to the testimony of the witnesses, Rhea and Turnbill. The testimony of Lowdermilk had been admitted without objec- ' lion, and upon its being attacked by the defendants, the other witnesses were introduced to sustain it. Their evidence was admissible, not only for that purpose, but would have been so, in chief. It was important to the plaintiff to show that, although the mare, the subject of controversy, was in possession of Lowdermilk, at the time it was levied on by the defendant Edwards, yet (hat it was his property. He then was clearly at liberty to show how the mare became his property, and for what purpose he had pat the animal into the possession of Lowdermilk; and persons who were present at the transaction and who heard from the parties what that purpose was, surely were competent to prove it. It cannot be necessary to sustain such a position by authority. Equally so was the testimony of Rhea to the conversation between the parties as to the terms of the bailment, as corroborative of the testimony of Lowdermilk, who was his witness to show his title.
 

 The principal objection however, relied on by the defendants, was the admission of the entry on the books of the plaintiff. 'Phis evidence was not offered in chief, but as corroborative of the testimony of Lowdermilk. The latter, at the instance of the plaintiff, as appears by the case, had taken a horse to Georgia,
 
 *67
 
 and traded him with one Jones for a race mare, giving to the latter thirty dollars as the difference in value, and upon his return, he stated in his evidence, that the plaintiff, who was a merchant and with whom he had an account, promised to give him credit on his books for the amount of thirty dollars, as so much money paid on his account. The books were offered to show that in this particular Lowdermilk had stated the truth. This was objected to, and his Honor overruled the objection of the defendant, ruld admitted the tggtimony. In this there was no error. It was first objected, that the books were not such as were admissible in evidence; and secondly, that the entry could not be read in evidence until it was shown that it was actually made at the time it bore date. It was proved that the books were those in which all the mercantile transactions of the plaintiff were entered, and in which, of course, this entry would be made. The entry was of a character to be made in the ordinary course of business in which the party was engaged, and was against his interest; for it discharged Lowdermilk’s debt to the amount of thirty dollars.
 

 It will be borne in mind that the plaintiff’s books and the entry therein were not offered in chief, but simply to sustain the evidence of an impeached witness. To answer the second objection of the defendants, and to show this credit and the entry were made by the plaintiff in the regular course of business, extracts or copies of the entries are sent here as a part of the case. With these copies wc have nothing to do. Whether the entry was admissible in evidence, was a question of law to be decided by the Court who tried the case; and to enable him to do so, an inspection of the book was necessary. And when, in such case, the slightest suspicion of fraud appears upon its face, as that tire entry was not made in the regular course of the maker’s business, or that it is blotted, or erasures made, or that it appears crowded in, it will be sufficient to cause its rejection. All these however are matters of fact, of which the Judge below is the trier; and his decision is conclusive, because he decides the question upon inspection, and he has the original before him. His eyes can guide him to a proper result as well as ours can. We are, in such a case, as much bound by the judgment of the Court below upon the facts, as we are by the finding of a jury;
 
 State
 
 v.
 
 Isham,
 
 
 *68
 
 3 Hawks 185;
 
 State
 
 v.
 
 Worley,
 
 11 Ire. 242, and
 
 State
 
 v.
 
 Weaver,
 
 13 Ire. 492.
 

 The Iasi objection remains to be considered: it is, that to entitle. the plaintiff to the benefit of the entry, he was bound to prove
 
 aliunde
 
 that it was made
 
 ante litem,
 
 and at the time it bears date. Such is not the rule of law. Where the entry is adjudged by the Court to be competent evidence, it is to be presumed to have been truly made, subject to be disproved by the opposite party or the party objecting. If this were not so, it A^rnld be almost impossible for any merchant to prove his accounts, when his clerk or the person making the entries is dead; 1 Starkie on Ev. 300. The rule is founded in reason. The same motive which would induce an individual to make an entry against his interest, would usually induce him to make a true one. A false one would be of no value, and the making it would be frequently more troublesome. The date of the entry is as much embraced in the rule of presumption as any other portion of it; and that, according to the
 
 ease
 
 sent us, was before this action was commenced.
 

 We see no crrcsr in the judgment of the Court below.
 

 Pun Curiam. Judgment affirmed.